Opinion issued July 24, 2002





 


 




 

In The

Court of Appeals

For The

First District of Texas






NO. 01-99-01192-CV






ROY MALONE, MARY MALONE, HARRELL ALEXANDER, LILLIE MAE
AUCOIN, CLIVE BELCHER, HERSCHEL BLACKFORD, AUDREY J. BODINE,
CAROLYN BOLDING, LARRY E. BRANNEN, LLOYD B. BRANNEN,
HARROLD BROUSSARD, CURTIS BROWN, LLOYD BUTLER, J.A.
CAMPBELL, SHIRLEY CAMPBELL, WILLIAM E. CAMPBELL, RUSSELL
CASH, MARGARET COFFMAN, SARAH COFFMAN CHAMPION, NANCY
COFFMAN HANSON, MARY CIMRHANZEL, FRANK L. CIMRHANZEL, JR.,
ROBERT P. CIMRHANZEL, JOHN W. COPELAND, BILLY J. CROWELL,
JAMES DARTEZ, LOUISE J. DAVID, JOSEPH DAVID, JAMES DENBY, DREW
KEITH DODSON, TOMMIE L. EASLEY, FOSTER EDMONDSON, LYNDA
EVANS, FELIPA GALICIA, PATRICIA GAREFALOS, THOMAS GILLESPIE,
LELTON GREEN, GARY D. GREENE, ROLAND GUIDRY, EMMA J. HAMON,
NANCY C. HANSON, WILLIAM B. HARDY, JR., HILDA HARRIS, DAVID L.
HARTWELL, GERALD T. HARTWELL, TOMMIE L. HEATHMAN, ALLAN
HERRING, STEVEN HOSEA, ROBERT HRESKO, SHERRI R. HUGHES,
BOBBY JOHNSON, JR., AARON KENT KIMBELL, JOHN KYBURZ, MILTON
LABRY, JESSIE LADD, CARLTON LAGEMAN, C. DALE LANGSTON,
DONALD LAUVE, BILLY LEE, JOHN M. LUKER, WILLIAM D. LUKER, JR.,
DOROTHY WILLIAMS MURRAY, LUKE NAQUIN, JOSEPH L. NOBLES,
GRACE OVERSTREET, JERRY L. PERKINS, MARSHALL T. PETERSON,
THOMAS M. POWELL, JAMES I. RICHARDSON, GENE ROSS, SCOTT I.
ROSS, WILBURENE SAUNDERS, SHERMAN A. SEARLS, JR., GARVIN H,
SHIPLEY, BILLY J. SMALL, RICHARD C. SMITH, JR., MARY FERN
STURDIVANT, MILDRED SUTTON, EMILY C. TEASDALE, C. WAYNE
THOMPSON, MICHELE THOMPSON, GLENN THORNTON, RODNEY
THORNTON, NELSON E. TRUELOVE, JAMES W. TURLEY, JIMMY L.
UNGER, SR., HIPARCO VELA, JACKIE WADE, ROBBY WALLACE, MARY O.
WARD, DONALD G. WILLIAMS, JEFF A. WINN, JOE BOB WOLF, 

AND JOE B. WOOD, Appellants


V.


ABRAHAM, WATKINS, NICHOLS & FRIEND, A PARTNERSHIP; ROBERT E.
BALLARD; ROBERT E. BALLARD, P.C.; LAW OFFICES OF ROBERT E.
BALLARD, P.C.; FRANK T. ABRAHAM; FRANK T. ABRAHAM, P.C.; DALE
FRIEND; DALE FRIEND, P.C.; NICK C. NICHOLS; NICK C. NICHOLS, P.C.;
RANDALL O. SORRELLS; DAVID P. MATTHEWS; DON WEITINGER; AND
W. COREY RICH, III, Appellees






On Appeal from the 189th District Court

Harris County, Texas

Trial Court Cause No. 98-32463 (Consolidated)






O P I N I O N

 The 93 appellants, all former clients of Abraham, Watkins, Nichols & Friend,
sued the firm and various attorneys under numerous causes of action. The trial court
granted appellees' motions for summary judgment and awarded sanctions against
appellants' trial counsel. We affirm.


Background


 There are two sets of appellees in this lawsuit: (1) Abraham, Watkins, Nichols
& Friend and one of its partners, Robert E. Ballard (collectively "AWNF and
Ballard"), (1) and (2) Don Weitinger and W. Corey Rich, III (collectively "Weitinger
and Rich").

 All of the appellants were at one time clients of AWNF and Ballard and
Lawrence Madeksho as plaintiffs in asbestos litigation. Fibreboard, one of the
defendants in that litigation, settled with some of the plaintiffs and agreed to pay its
settlement proceeds in two equal installments. As agreed, AWNF and Ballard
received a portion of their attorneys' fees when the first installment was paid. In the
interval between the two settlement installments, AWNF and Ballard withdrew from
further representation of the plaintiffs who had not settled and the plaintiffs who still
had pending cases in the trial courts against the remaining defendants. When
Fibreboard paid its second installment, Madeksho refused to pay AWNF and Ballard
their remaining attorneys' fees. AWNF and Ballard then brought suit in contract
seeking payment of $1,029,756 in fees. 

 Weitinger and Rich represented Ballard, and Steven Watkins represented
AWNF, in their suits against Madeksho. The trial court granted summary judgment
for AWNF and Ballard, and the judgment was affirmed on appeal. Madeksho v.
Abraham, Watkins, Nichols & Friend, 57 S.W.3d 448 (Houston [14th Dist.] 2001,
pet denied). 

 Madeksho and almost 100 plaintiffs involved in the asbestos cases then filed
89 separate, but almost identical, lawsuits against AWNF and Ballard, Weitinger and
Rich, and Watkins (2) complaining of their conduct in the fee dispute litigation. The
plaintiffs included Madeksho, (3) various claimants in the Fibreboard litigation, and four
claimants in the asbestos litigation against Owens-Corning Fiberglass. The petitions
alleged causes of action including: (1) professional negligence; (2) violation of a
confidential relationship; (3) actual and constructive fraud and misrepresentation; (4)
breach of fiduciary duty; (5) conspiracy; (6) gross negligence; (7) deliberate,
intentional, willful, and/or malicious conduct; (8) tortious interference with a
contract; (9) invasion of privacy; (10) intentional infliction of emotional distress; (11)
violations of State Bar rules; and (12) conversion and unjust enrichment. The
gravamen of their complaints was that AWNF and Ballard filed a fraudulent lawsuit
against Madeksho in the fee dispute litigation. The allegations were also based on
the disclosure of the Fibreboard settlement sheets to the trial court. In addition, the
petitions made sweeping, but unsubstantiated, allegations about the dissemination of
other information. All 89 cases were consolidated. The vast majority of the
appellants were plaintiffs in the Fibreboard litigation. Additionally, information for
some asbestos clients who were not involved in the Fibreboard settlement was
disclosed. While the plaintiffs conceded that no evidence indicated AWNF and
Ballard had disseminated confidential information to the public, they argued they
were still entitled to recovery because AWNF and Ballard could have disclosed such
information to other persons. (4)

 Weitinger and Rich moved for summary judgment, arguing that non-clients
have no cause of action against someone else's lawyer and that appellants lacked
standing. In December 1998, the trial court granted Weitinger and Rich's motion for
summary judgment. 

 Lynda Evans, a former AWNF and Ballard client, sued AWNF and Ballard and
Weitinger and Rich after Weitinger and Rich's summary judgment was granted. 

 Weitinger and Rich sought sanctions against Madeksho and Eric Bogdan,
appellants' trial counsel. The trial court held a sanctions hearing but did not rule.

 The trial court consolidated the Evans suit, the 89 appellants' suits against
AWNF and Ballard, and Weitinger and Rich's sanctions suit against Madeksho and
Bogdan. AWNF and Ballard and Weitinger and Rich moved for summary judgment,
and, in July 1999, the trial court granted the motions. Six motions for summary
judgment were granted.

 AWNF and Ballard and Weitinger and Rich moved for sanctions against
Madeksho and Bogdan. During the July 1999 hearing, the trial court found the suits
were frivolous, groundless, and filed for harassment purposes and awarded $60,000
in sanctions. (5) Ballard later sought additional sanctions against Madeksho stemming
from another suit in which Ballard had sued Madeksho for libel and slander. In that
case, Madeksho filed a plea in intervention alleging the same facts the trial court had
previously found frivolous. Ballard sought, and was awarded, $10,000 in additional
sanctions.

 Here, the appellants appeal from the decision of the trial court to grant the six
motions for summary judgment and the sanctions award.

I. Summary Judgment


A. Standard of Review

 Summary judgment under rule 166a(c) is proper only when a movant
establishes that there is no genuine issue of material fact and that the movant is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Randall's Food
Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995); Marchal v. Webb, 859
S.W.2d 408, 412 (Tex. App.--Houston [1st Dist.] 1993, writ denied). Once the
movant has established a right to summary judgment, the burden shifts to the
nonmovant. Marchal, 859 S.W.2d at 412. The nonmovant must respond to the
motion for summary judgment and present to the trial court any issues that would
preclude summary judgment. City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678 (Tex. 1979); Marchal, 859 S.W.2d at 412.

 In reviewing a summary judgment, we must indulge every reasonable inference
in favor of the nonmovant and resolve any doubts in its favor, and we will assume
that all the evidence favorable to the nonmovant is true. Randall's Food Mkts., Inc.,
891 S.W.2d at 644; Marchal, 859 S.W.2d at 412. To prevail on a rule 166a(c)
motion for summary judgment, a defendant must conclusively negate at least one of
the essential elements of each of the plaintiff's causes of action or conclusively
establish each essential element of an affirmative defense. Cathey v. Booth, 900
S.W.2d 339, 341 (Tex.1995).

 The trial court sustained AWNF and Ballard's objections to all of the
appellants' summary judgment evidence and ordered "that Exhibits 1-44 to plaintiffs'
response to defendant's motion for summary judgment shall not be considered as
evidence in response to Defendants' motion for summary judgment." The appellants
do not challenge this ruling on appeal; therefore, we are presented with no summary
judgment evidence to refute the arguments of AWNF and Ballard and Weitinger and
Rich.

B. AWNF and Ballard 

 In point of error one, the appellants argue that the trial court erred when it
granted summary judgment to AWNF and Ballard. 

 AWNF and Ballard presented three grounds in their motion for summary
judgment: (1) the plaintiffs suffered no economic damages and cannot recover mental
anguish damages as a result of attorney negligence; (2) no private cause of action
exists for violations of State Bar rules; and (3) any information disclosed was neither
confidential nor privileged, and disclosure was expressly authorized in the fee
dispute. 

 1. Damages

 The appellants' second amended petitions alleged that they had incurred
"actual and inherent damages," for mental anguish due to AWNF and Ballard's
conduct in the fee dispute litigation that followed the successful conclusion of the
appellants' personal injury litigation. They sought forfeiture and disgorgement of all
fees previously received by AWNF and Ballard from their case. In addition, the
appellants alleged that they were entitled to exemplary damages as a result of being
"stabbed in the back." The appellants received all the settlement funds to which they
were entitled as a result of the asbestos litigation. The fee dispute between Madeksho
and AWNF and Ballard, therefore, had no direct impact on the appellants. 

 In their motion for summary judgment, AWNF and Ballard argued that, as a
matter of law, there was no evidence to show that their conduct in the fee dispute
caused the appellants damages. See Tex. R. Civ. P. 166a(i). On appeal, AWNF and
Ballard argue the Texas Supreme Court has held that purely emotional damages
resulting from attorney negligence are not recoverable, citing Douglas v. Delp, 987
S.W.2d 879 (Tex. 1999). 

 We do not agree that the holding in Douglas was as broad as AWNF and
Ballard claim. In fact, the Douglas court held that, "when a plaintiff's mental anguish
is a consequence of economic losses caused by an attorney's negligence, the plaintiff
may not recover damages for that mental anguish." Id. at 885 (emphasis added). 
However, here, because their summary judgment evidence was struck, the appellants
have produced no evidence of mental anguish -- resulting from economic loss or
otherwise. The appellants' causes of action for negligence, gross negligence,
intentional infliction of emotional distress, civil conspiracy, fraudulent
misrepresentation, tortious interference with contract, unjust enrichment, invasion of
privacy, conversion, and deliberate, intentional, willful, and/or malicious conduct all
require proof of damages. Because the appellants offered no proof, they were
properly disposed of by way of summary judgment. See Fortune Prod. Co. v.
Conoco, Inc., 52 S.W.3d 671, 685 (Tex. 2000) (unjust enrichment); GTE Southwest,
Inc. v. Bruce, 998 S.W.2d 605, 611 (Tex. 1999) (intentional infliction of emotional
distress); Thapar v. Zezulka, 994 S.W.2d 635, 637 (Tex. 1999) (negligence); Powell
Indus., Inc. v. Allen, 985 S.W.2d 455, 456 (Tex. 1998) (tortious interference with
contract); Latham v. Castillo, 972 S.W.2d 66, 70 (Tex. 1998) (fraudulent
misrepresentation); United Mobile Networks, L.P. v. Deaton, 939 S.W.2d 146, 148
(Tex. 1997) (conversion); Parkway Co. v. Woodruff, 901 S.W.2d 434, 444-46 (Tex.
1995) (malicious conduct); Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex.
1983) (civil conspiracy); Billings v. Atkinson, 489 S.W.2d 858, 861 (Tex. 1973)
(invasion of privacy); Giraud v. Moore, 26 S.W. 945, 946 (1894) (gross negligence). 
 The appellants also claimed that they were damaged by AWNF and Ballard's
dissemination of confidential information which, they claim, constituted a breach of
fiduciary duty. The Texas Supreme Court has held that a client need not prove actual
damages in order to obtain forfeiture of an attorney's fee for the attorney's breach of
fiduciary duty to the client. Burrow v. Arce, 997 S.W.2d 229, 240 (Tex. 1999). The
remedy is restricted to "clear and serious" violations of duty. Id. (citing
Restatement (Third) of The Law Governing Lawyers § 49 (Proposed Final
Draft No. 1, 1996)). Some violations are inadvertent or do not significantly harm the
client. Id. Here, Weitinger testified by way of affidavit that he attached the
settlement sheets as an exhibit to Abraham Watkins's response to Madeksho's motion
for summary judgment. He believed he had filed the attachments under seal. During
Weitinger's deposition, Madeksho asked him questions that lead him to believe the
attachments may not have been submitted under seal. The same day as the
deposition, Weitinger went to the courthouse to determine if, in fact, the settlement
sheets were inadvertently not sealed. His affidavit indicates that he was unable to
access the file because it was still in the intake process, but he filed a motion to seal. 
The trial court granted the motion that same day. Summary judgment was properly
granted on the fiduciary duty cause of action. 

 The only remaining cause of action was for alleged violations of the State Bar
rules. 

 2. State Bar Rules

 In their second amended petition, the appellants alleged professional
negligence and gross negligence per se. The petition stated:

 The Texas Supreme Court has adopted the position of Section 288B of
the Restatement (Second) of Torts that the violation of a legislative
enactment or an administrative regulation which is adopted by the court
as defining the standard of conduct of a reasonable man, is negligence
itself. In that regard, [AWNF and Ballard] knowingly and intentionally
violated, among other things, the following Texas Disciplinary Rules of
Professional Conduct promulgated by the Texas Supreme Court: Rule
1.03, Rule 1.04, Rule 1.05, Rule 1.06, Rule 1.08(e), Rule 1.14, Rule
1.15, Rule 2.01, Rule 3.01, Rule 3.03, Rule 5.03 and Rule 8.04. 


 Appellants neglect to mention that the Texas Disciplinary Rules expressly state
that a violation of the Code of Professional Responsibility does not give rise to a
private cause of action. See Tex. Disciplinary R. Prof'l Conduct 1.05 preamble
¶ 15; Judwin Properties, Inc. v. Griggs & Harrison, P.C., 981 S.W.2d 868, 869-70
(Tex. App.--Houston [1st Dist.] 1998), pet. denied, 11 S.W.3d 188 (Tex. 2000). 
Thus, the State Bar Rules were not enforceable through appellants' negligence claim. 
See Judwin, 981 S.W.2d at 870. 

 Having determined that the appellants failed to present any evidence of
damages and that violations of State Bar Rules do not create private causes of action,
we need not determine whether the information allegedly released by AWNF and
Ballard was privileged or confidential.

 We overrule point of error one.

C. Weitinger and Rich 

 In points of error two, three, four, and five, the appellants contend the trial
court erred when it granted summary judgments in favor of Weitinger and Rich in
December 1998 and July 1999.

 In 1998, Weitinger and Rich filed separate summary judgment motions arguing
that: (1) the appellants, as non-clients, lacked standing to sue and had no right of
recovery against Weitinger and Rich for any alleged wrongful conduct; (2) they were
immune from liability to their clients' adversary as a matter of law; and (3) the
appellants were barred from bringing a private cause of action for violations of State
Bar Disciplinary Rules. (6) The trial court granted the motions without designating a
reason. 

 After the trial court granted Weitinger's and Rich's first motions for summary
judgment, 10 additional plaintiffs intervened in the case alleging the same causes of
action. Also, two more cases were consolidated with this case after summary
judgment had been granted. In 1999, Weitinger and Rich filed a joint motion for
summary judgment arguing that, as a matter of law, the appellants' case fails because
the appellants have no standing and Weitinger and Rich are immune from liability. 
The trial court also granted the joint motion without stating a reason.

 1. Standing

 An attorney owes a duty only to those in privity with him. Dickey v. Jansen,
731 S.W.2d 581, 582 (Tex. App.--Houston [1st Dist.] 1987, writ ref'd n.r.e.). An
attorney, therefore, owes a duty of care only to his client, not to third parties. Barcelo
v. Elliott, 923 S.W.2d 575, 577 (Tex. 1996). Only a person with whom the attorney
has privity has standing to sue for malpractice. Barcelo v. Elliot, 927 S.W.2d 28, 30 
(Tex. App.--Houston [1st Dist.] 1995), aff'd, 923 S.W.2d 575 (Tex. 1996);
Thompson v. Vinson & Elkins, 859 S.W.2d 617, 621 (Tex. App.--Houston [1st Dist.]
1993, writ denied); Dickey, 731 S.W.2d at 582-83. Intermediate courts of this state
have applied this principal to preclude recovery under both tort and third-party
beneficiary theories. Thompson, 859 S.W.2d at 620 (professional negligence);
Dickey, 731 S.W.2d at 582-83 (professional negligence and third-party beneficiary
theories).

 For purposes of a claim for professional negligence, "privity" means the
contractual connection or relationship that exists between the attorney and the client. 
See Dickey, 731 S.W.2d at 582. "Texas law does not recognize a cause of action for
negligence against an attorney asserted by one not in privity with that attorney[.]" 
Id.; see Thompson, 859 S.W.2d at 621. Texas cases "have consistently held that third
parties have no standing to sue attorneys on causes of action arising out of their
representation of others." Dickey, 731 S.W.2d at 582-83.

 In Dickey, testamentary trust beneficiaries brought a cause of action for
professional negligence against the testator's attorney and law firm for negligent
preparation of a trust provision. Id. at 582. The trust provision at issue was to have
included mineral interests in Louisiana, but the provision was invalid under Louisiana
law. Id. The defendants moved for summary judgment, arguing that "an attorney is
not liable to . . . those not in privity to attorneys . . . for alleged failure to perform
duties which the attorney owes only to his clients." Id. The trial court granted the
defendants' motion. Id. This Court affirmed, rejecting the plaintiffs' argument that
they were entitled to maintain their action as third-party beneficiaries to the
employment contract between the testator and the attorney. Id.

 Weitinger and Rich never represented the appellants and were sued simply
because they represented AWNF and Ballard in the fee dispute lawsuit against
Madeksho. Therefore, the appellants lack standing to bring suit against Weitinger
and Rich.

 2. Immunity

 Texas case law frowns on suing opposing counsel simply for representing a
party in a judicial proceeding. Bradt v. Sebek, 14 S.W.3d 756, 766 (Tex.
App.--Houston [1st Dist.] 2001, pet. denied); see , e.g., Likover v. Sunflower Terrace
II, Ltd., 696 S.W.2d 468, 472 (Tex. App.--Houston [1st Dist.] 1985, no writ); Morris
v. Bailey, 398 S.W.2d 946, 947 (Tex. App.--Austin 1966, writ ref'd n.r.e.). An
attorney is immune from civil liability, as to non-clients, for any actions taken in
connection with representing his client in litigation. See Butler v. Lilly, 533 S.W.2d
130, 131-34 (Tex. App.--Houston [1st Dist.] 1976, writ dism'd) (statements made
during jury argument). An attorney is charged with the duty of zealously representing
his clients within the bounds of the law. Bradt v. West, 892 S.W.2d 56, 71-72 (Tex.
App.--Houston [1st Dist.] 1994, writ denied). In fulfilling his duties, he has the right
to interpose any defense and take advantage of any legal right on the client's behalf
that he deems necessary and proper, without being subjected to liability or damages. 
Id. If an attorney could be held liable for statements made, or actions taken, in the
course of representing his client, he would be forced to balance his own potential
exposure against his client's best interest. See id. Such a conflict would necessarily
hamper justice.

 Weitinger and Rich never represented the appellants, had no relationship with
the appellants, and, thus, owed them no duty. Weitinger hired Rich on a contract
basis primarily for research and some fee-splitting analysis. Rich never served as
attorney of record and never participated in any oral arguments.

 There is an exception to the immunity bar which arises only when an attorney
has engaged in intentional misconduct. McCamish, Martin, Brown & Loeffler v. F.
E. Appling Interests, 991 S.W.2d 787, 794 (Tex. 1999). The appellants presented no
evidence that such an exception applies in this case.

 Weitinger and Rich are immune from liability to the appellants.

 3. Disciplinary Rules

 As discussed above, alleged violations of the State Bar Disciplinary Rules do
not give rise to private causes of action. See Judwin, 981 S.W.2d at 870.

 The trial court properly granted Weitinger's and Rich's motions for summary
judgment. 

 We overrule points of error two, three, four, and five.



II. Sanctions


 In points of error seven and eight, (7) Madeksho and Bogdan argue that the trial
court abused its discretion by granting the various motions for sanctions against them.

A. Standard of Review 

 This Court reviews a trial court's 
rule 13 sanctions order under an abuse of 
discretion standard. Laub v. Pesikoff, 979 S.W.2d 686, 693 (Tex. App.--Houston
[1st Dist.] 1998, pet. denied). Our test for abuse of discretion is deferential to the trial
court--whether the court acted without reference to any guiding rules and principles. 
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).
Therefore, "[i]t is not necessarily an abuse of a trial court's discretion if under the
same facts we would decide the matter differently, or if the court committed a mere
error in judgment." Sebek, 14 S.W.3d at 761. Moreover, the trial court's discretion
is limited only by the requirement that its order be just and that the sanctions imposed
be directly related to the harm done by the sanctioned conduct. Ray v. Beene, 721
S.W.2d 876, 879 (Tex. App.--Houston [1st Dist.] 1986, writ ref'd n.r.e.).

B. Discussion

 Appellants complain that the sanctions were excessive, the claims were not
groundless, and there was no evidence to rebut the presumption that the claims were
not brought in bad faith. In total, appellants were sanctioned $70,000. The testimony
included the following: (1) Rich incurred $43,074 in expenses and had lost
$10,068.04 in billable time due to the demands of this suit; (2) Weitinger incurred in
excess of $50,000 in defense costs; and (3) AWNF and Ballard incurred in excess of
$150,000 in defense costs and $29,000 in out-of-pocket expenses and lost fees. In
addition, appellants filed 89 almost identical frivolous suits, as discussed above. 

 A trial court's rule 13 sanction order must be upheld if any of the facts set forth
by the court supports the sanctions. Sebek, 14 S.W.3d at 764. Appellants argue their
lawsuits were not pursued in bad faith; however, the multitude of frivolous claims and
their continued harassment of the appellees support the trial court's order sanctioning
appellants. 

 Appellants further complain that the trial court did not sufficiently specify the
good cause supporting the sanctions order; however, appellants failed to make a
timely objection at trial and have waived their right to complain. (8) Tex. R. App. P.
33.1; Texas-Ohio Gas v. Mecom, 28 S.W.3d 129, 135 (Tex. App.--Texarkana 2000,
no writ).

C. Additional Sanctions

 Appellants also complain about the additional sanctions stemming from
Madeksho's plea in intervention in the Brazoria County case. Madeksho filed a plea
in intervention alleging the same facts the trial court had previously found frivolous,
and Ballard sought, and was awarded, $10,000 in additional sanctions. 

 Appellants claim Johnson v. Smith, 857 S.W.2d 612 (Tex. App.--Houston [1st
Dist.] 1993, no writ) stands for the proposition that the trial court was without
jurisdiction to award additional sanctions for appellants' filing another case in
another jurisdiction. Johnson is distinguishable. In that case, we held that a trial
judge presiding in his own court is without jurisdiction to impose sanctions on a party
for violation of another court's order. Id. at 618. In contrast, here, the court did not
impose a sanction for violation of another court's order, but imposed a sanction for
committing the same conduct for which the court had just admonished him -- filing
frivolous lawsuits. 

 We held, in Miller v. Armogida, 877 S.W.2d 361, 364 (Tex. App.--Houston
[1st Dist.] 1994, writ denied), that, under the "just sanctions" provision, the court
could impose sanctions on Miller to prevent him from filing the same claims in
another court. In Miller, the trial court imposed an injunction on the appellant to
prevent the appellant from filing the same claim in another court. Id. Here, as in
Miller, the trial court that found the initial 89 claims frivolous should not have to sit
idly by while Madeksho files a multitude of the same claims in another court. See id. 
Madeksho had already filed the claim, so the next logical remedy was to impose
sanctions under rule 13.
 We overrule points of error seven and eight.

III. Discovery Master


 In point of error nine, the appellants contend that the trial court erred when it
adopted the finding of the court-appointed discovery master regarding the attorney-client privilege.

 Every referral to a master, unless authorized by statute or consented to by the
parties, must comply with rule 171 of the Texas Rules of Civil Procedure. Simpson
v. Canales, 806 S.W.2d 802, 810 (Tex. 1991). To expedite the disposition of cases,
a trial court may delegate pretrial matters to a master to allow the trial judge to devote
more time to trials and substantive issues. Id. at 809 n.9; Hansen v. Sullivan, 886
S.W.2d 467, 469 (Tex. App.--Houston [1st Dist.] 1994, no writ). A party objecting
to a master's appointment must make an objection not within some arbitrary time
period, but before it has taken part in the proceedings before the master or before the
parties, the master, and the court have acted in reliance on the master's appointment. 
Owens-Corning Fiberglas Corp. v. Caldwell, 830 S.W.2d 622, 625 (Tex.
App.--Houston [1st Dist.] 1991, no writ).

 Here, without objection, on December 10, 1998, the trial court signed the order
appointing the special master. On January 19, 1999, the master conducted two
separate telephone hearings addressing issues that arose during two depositions. 
Rulings were made and accepted by the parties. 

 The appellants' brief states they "complained to [the master] that Madeksho
had asserted the attorney-client privilege on behalf of [an appellant] during her
deposition." (9) On April 9, 1999, the master notified the parties that she would conduct
a hearing on the issue. The appellants informed the master they would not be
attending the hearing because they were objecting to her appointment and did not
want to waive the objection by participating in the hearing. However, the appellants'
objection was untimely, as it was not made until four months after the master's
appointment and three months after rulings had been made on discovery disputes. 
See id. Because the appellants chose not to participate in the hearing, and thus did
not present any argument to support their objections to the discovery sought, the
appellants cannot complain of the trial court's adoption of the master's ruling.

 We overrule point of error nine.

IV. Appellate Sanctions


 Weitinger has filed a motion for sanctions with this Court. In his motion, he
seeks reimbursement for the following:

 (1) all legal/attorneys fees incurred at the appellate level;


 (2) all costs associated with the appeal; 


 (3) any and all sanctions to be awarded based on Weitinger's continuing
health complications as identified at the trial court sanctions' hearing;


 (4) any and all medical costs incurred as a result of the instigation of this
lawsuit and subsequent appeal; and


 (5) any and all other sanctions to which this Court determines Weitinger
is justly entitled.


 Under Texas Rule of Appellate Procedure 45, we are authorized to award a
prevailing party "just damages" if we determine an appeal is frivolous. Tex. R. App.
P. 45. Rule 45 provides:

 If the court of appeals determines that an appeal is frivolous, it may-on
motion of any party or on its own initiative, after notice and a reasonable
opportunity for response-award each prevailing party just damages. In
determining whether to award damages, the court must not consider any
matter that does not appear in the record, briefs, or other papers filed in
the court of appeals.


Tex. R. App. P. 45; Smith v. Brown, 51 S.W.3d 376, 381 (Tex. App.--Houston [1st
Dist.] 2001, pet. denied). 

 We have previously held that bad faith is no longer required and is no longer
dispositive, or even material, in deciding whether an appeal is frivolous. Smith, 51
S.W.3d at 381. However, "[t]he presence of bad faith could be relevant [in]
determin[ing] the amount of the sanction." Id. 

 In applying rule 45, we continue to exercise prudence and caution and use
careful deliberation. Id. In applying the test for objectively determining whether an
appeal is frivolous, this Court will look at the record from the viewpoint of the
advocate and decide whether he had reasonable grounds to believe the case could be
reversed. Id. 

 This Court has recognized the right to appeal is a most sacred and valuable one. 
Bradt, 892 S.W.2d at 78. However, 

 [w]e will not permit spurious appeals, which unnecessarily burden
parties and our already crowded docket, to go unpunished. Such appeals
take the court's attention from appeals filed in good faith, wasting court
time that could and should be devoted to those appeals. No litigant has
the right to put a party to needless burden and expense or to waste a
court's time that would otherwise be spent on the sacred task of
adjudicating the valid disputes of Texas citizens.


Id. at 79. 

 In their response to Weitinger's motion for damages for a frivolous appeal, the
appellants argue that the evidence presented relating to their conduct before and
during trial is irrelevant and insufficient. It is, however, quite relevant, considering
that we must evaluate the appellants' reasonable belief in their likelihood of
prevailing. In fact, in its orders granting the various motions for sanctions, the trial
court specifically found as follows: 1. Lawrence Madeksho lost an attorney's fees lawsuit to some of the
Abraham Watkins Defendants. See Cause No. 97-23595,
Abraham, Watkins, Nichols & Friend (A Partnership) and The
Law Offices of Robert E. Ballard, P.C. v. Lawrence Madeksho,
in the District Court of Harris County, Texas, 165th Judicial
District.


 2. Lawrence Madeksho and Eric Bogdan retaliated by filing and
prosecuting eighty-nine separate original petitions against the
Abraham Watkins Defendants. The Court consolidated the
lawsuits into this case.



 As a matter of law, those eighty-nine lawsuits were frivolous and
groundless with no basis in fact, nor warranted by existing law or
a good faith argument for the extension, modification or reversal
of existing law.




 Lawrence Madeksho and Eric Bogdan filed and prosecuted the
eighty-nine lawsuits in bad faith and for the purposes of
harassment. Both Lawrence Madeksho and Eric Bogdan had the
subjective intent to harass the Abraham Watkins Defendants
when they filed and prosecuted these lawsuits.




 Lawrence Madeksho and Eric Bogdan were equally responsible
for the filing and prosecution of the lawsuits.



 6. Good cause exists to sanction Lawrence Madeksho and Eric
Bogdan based on their responsibility for the filing and
prosecution of eighty-nine lawsuits in retaliation for losing an
earlier case involving the division of attorney's fees. 


 After examining, considering, and weighing all of the evidence, we agree, and
we find the appellants had no reasonable grounds to believe the case could be
reversed. See Smith, 51 S.W.3d at 381. Therefore, from the extensive record and
briefs filed with this Court, (10) we conclude this appeal is objectively frivolous. As we
stated eight years ago in our opinion in Bradt v. West, "our system of justice should
not allow everybody to sue everybody else for everything. This case presents some
good examples of claims we should not allow." 892 S.W.2d at 81. 



 Conclusion

 We affirm the judgment. Under rule 45, we also award sanctions to AWNF,
Ballard, Weitinger, and Rich against the appellants and their appellate attorneys,
jointly and severally, in a total amount equal to five times the taxable costs associated
with this appeal and all trial cause numbers identified in Appendix A attached to the
October 23, 1998 order granting motion to consolidate, as well as cause numbers 98-40547 and 98-33590 consolidated on April 1, 1999.


 Davie L. Wilson

 Justice


Panel consists of Justices Nuchia and Wilson. (11)


Publish. Tex. R. App. P. 47.4.







 
1. 
 
 
 '
 
 
 
 
 
 
2. 
3. 
4. 
 
' 
 
 
' 
 ' 
 
5. 
 
6. ' ' 
 
 
 " 
 
 " 
7. ' " 
 
 " 
 " 
 
 " 
 
8. 
 ' 
 
 
9. '
 
10. ' 
' - 
11.