**JUDWIN PROPERTIES, INC., Appellant,**

v.

**GRIGGS & HARRISON, P.C., Appellee.**

No. 01–96–01358–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 5, 1998.

William C. Lucas, Thomas Kirkendall, Houston, for Appellant.

Michael A. Hirsch, Houston, for Appellee.

Before COHEN, O'CONNOR and ANDELL, JJ.

### OPINION

ANDELL, Justice.

This is an appeal of a summary judgment granted in favor of the appellee, Griggs & Harrison, P.C. (G & H). We affirm the judgment.

### Background

G & H, a professional corporation of attorneys, sued its former client, Judwin Properties, Inc., and Judwin's insurer, Reliance Insurance Company, for unpaid legal fees. G & H included fee statements in its petition. Judwin counterclaimed against G & H for

damages sustained as a result of the unauthorized public disclosure of the confidential information contained in the fee statements. G & H settled with Reliance and dismissed its claims against Reliance and Judwin. As a result, only Judwin's counterclaim remained pending.

G & H moved for summary judgment on the counterclaim, on the basis that it had conclusively negated the element of damages in Judwin's cause of action. Judwin amended its counterclaim to allege breach of contract, breach of implied warranty, breach of fiduciary duty, negligence, and gross negligence. The trial court concluded G & H was entitled to summary judgment on all of Judwin's causes of action.

Judwin appealed. This Court affirmed the summary judgment for the breach of contract, breach of implied warranty, and breach of fiduciary duty claims, but reversed the judgment for the negligence and gross negligence claims and remanded the cause to the trial court to address those issues. *Judwin Properties, Inc. v. Griggs and Harrison*, 911 S.W.2d 498, 498 (Tex.App.—Houston [1st Dist.] 1995, no writ).

On remand, G & H again moved for summary judgment on the negligence and gross negligence claims. The court rendered summary judgment for G & H; the judgment did not specify grounds on which the court relied. In five points of error, Judwin attacks each of G & H's bases for summary judgment.

### Summary Judgment Review

Judwin's negligence and gross negligence claims alleged G & H's disclosure of confidential information violated the duty of ordinary care and diligence exercised by other attorneys in Harris County in the same or similar circumstances and caused Judwin damages.

Negligence requires proof of four well-known elements: (1) the existence of a duty; (2) the breach of that duty; (3) that the

breach was a proximate cause of damages; and (4) that the plaintiff was damaged. *See Cosgrove v. Grimes*, 774 S.W.2d 662, 665 (Tex.1989).

■ As summary judgment movant, G & H had the burden of showing there was no genuine issue of material fact as to one or more of the essential elements of Judwin's causes of action, and that it was entitled to judgment as a matter of law. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether there was a disputed material fact issue precluding summary judgment, we will accept evidence favorable to Judwin as true, and we will indulge every reasonable inference and resolve any doubts in Judwin's favor. *See Id.* at 548–49. However, because the court's order does not specify the grounds relied on for its ruling, we will affirm the summary judgment if any of the theories G & H advanced is meritorious. *See State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 378 (Tex.1993).

### Evidence Rule 503(d)(3) and Disciplinary Rule 1.05

We address point of error three first because it disposes of the appeal.

G & H sought summary judgment on several bases. One basis was that Rule 503(d)(3) of the Texas Rules of Evidence does not provide an attorney-client confidentiality privilege for matters relevant to a client's non-payment of agreed fees. Another basis was that Texas Disciplinary Rules of Professional Conduct (State Bar Rules), Rule 1.05, allowed disclosure.

In point of error three, Judwin argues we should reverse the summary judgment because Texas Rule of Evidence 503(d)(3) and "Texas Rule of Disciplinary Procedure 1.05" do not permit an attorney to damage his client unnecessarily.[1] Judwin relies on the following language in comment 15 to State Bar Rule 1.05: "A lawyer entitled to a fee

---

1. Judwin's brief misidentifies G & H's authority as "Texas Rule of Disciplinary Procedure 1.05." G & H actually relied on Texas Disciplinary Rules of Professional Conduct (State Bar Rules), Rule 1.05. Because Judwin's argument, in sub-stance, attacks G & H's reliance on the Texas Disciplinary Rules of Professional Conduct, Rule 1.05, we will address the point of error as though Judwin had correctly identified the authority upon which G & H relied.

must be permitted to prove the services rendered in an action to collect it.... *Any disclosure by the lawyer, however, should be as protective of the client's interest as possible."* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.05 cmt. 15, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon Supp. 1998) (TEX. STATE BAR R, Art. X, § 9) (emphasis added). Judwin argues that any right to disclose information under Rule 503(d)(3) is subject to the same duty to do so cautiously. Accordingly, Judwin argues, G & H's reliance on Rule 503(d)(3) did not conclusively negate the negligence claim.

The preamble to the State Bar Rules states: "Violation of the Texas Disciplinary Rules of Professional Conduct does not give rise to a private cause of action nor does it create any presumption that a legal duty to a client has been breached.... Accordingly, nothing in the rules should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating such a duty." TEX. DISCIPLINARY R. PROF'L CONDUCT 1.05 preamble ¶ 15. Thus, the State Bar Rules were not enforceable through Judwin's negligence claim.

Rule 503(d) expressly provides: "There is no privilege under this rule: .... [a]s to a communication relevant to an issue of breach of duty by the lawyer to his client or by the client to his lawyer." TEX.R. EVID. 503(d). Rule 503(d) does not contain any limiting language similar to that in comment 15 to Rule 1.05. Because the legislature could have easily imposed limits on the exception by adding language similar to that in comment 15 to State Bar Rule 1.05, but did not do so, we refrain from implying such a limitation. What remains, then, is a question of whether the plain language of Rule 503(d)(3) was a sufficient basis for summary judgment.

■ Judwin did not dispute that the fee statements were related to the issue of nonpayment. Rule 503(d)(3) says the attorney-client privilege does not apply to evidence related to a breach issue between the lawyer and client. The lack of privilege favors the finding that G & H had no duty to withhold

the information. TEX.R. EVID. 503(d)(3). Accordingly, by citing Rule 503(d)(3), G & H conclusively disproved the duty element of Judwin's claim and was entitled to summary judgment.

We overrule point of error three and affirm the judgment. Having done so, we need not address Judwin's other points of error.

O'CONNOR, J., dissents.

O'CONNOR, Justice, dissenting.

I dissent. This case pits a lawyer's duty to avoid harming a former client against the lawyer's right to collect fees. In this case, Griggs & Harrison (G & H) ignored its former client's confidential interests to collect its fees.

Judwin Properties, Inc., owns and manages apartment complexes in the Houston area. At four of these apartment complexes, it applied Chlordane, a termiticide, to the soil surface. Thousands of tenants have since complained that they were harmed by exposure to Chlordane. Judwin has been named as a defendant by over 700 plaintiffs in Chlordane exposure-related suits. To defend it in those suits, Judwin retained G & H.

During the course of G & H's representation, Judwin paid attorney fees to G & H of over $928,000. Sometime during the litigation, a dispute arose between Judwin and its insurer, Reliance, about coverage and payment of attorney fees. Judwin ultimately filed suit against Reliance to obtain coverage and reimbursement of defense costs incurred in the Chlordane litigation, including fees owed to G & H.

In 1993, Judwin replaced G & H as its counsel in the Chlordane litigation. At that time, Judwin owed G & H about $56,000 in attorney fees. Before replacing G & H as its counsel, Judwin and G & H's managing partner agreed that G & H would not attempt to recover the outstanding balance of its unpaid fees until after Judwin resolved its disputes with Reliance regarding coverage and responsibility for payment of G & H's attorney fees.[1]

1. G & H disputes whether there was an agreement to refrain from filing suit. Because this is

a summary judgment proceeding, we must assume that Judwin's factual allegations are cor-

Despite this agreement, G & H made a demand on Judwin for the payment of the fees and, *on the same day,* filed suit against Judwin. Attached to its petition, were the hourly fee statements. These statements detailed the work performed by G & H to defend Judwin in the Chlordane litigation. The fee statements contain individual entries that describe in detail the work performed by G & H from March 1992 and October 1992. Notably, the fee statements did not identify the time billed for each entry; the statements merely provide a total number of hours billed.[2]

The issue in this appeal is whether the disclosure of confidential information by G & H violated the duty or ordinary care and diligence G & H owed to Judwin.

Judwin complains on appeal that it was not necessary for G & H to publicly disclose the details of its work in a suit to collect fees; and, that the information disclosed was covered by the attorney-client privilege. In response, G & H attempts to justify disclosing confidential information under Texas Rule of Civil Procedure 185. G & H claims that, because it filed a suit on a sworn account, it was *required* to file the fee statements as an attachment to the petition. To counter that argument, Judwin replies that Rule 185 does not require a particularization of the account. Rule 185, "Suit on Account," states in part:

No particularization or description of the nature of the component parts of the account or claim is necessary unless the trial court sustains special exceptions to the pleadings.

Tex.R. Civ. P. 185. Judwin is correct: Rule 185 does not justify G & H disclosing Judwin's confidential information in a suit on a sworn account.[3]

Next, G & H attempts to justify disclosing the confidential information under Texas Rule of Evidence 503(d)(3). G & H claims that, because the information was related to the fee dispute, G & H had no duty to withhold the information, relying on Rule 503(d)(3). Rule 503, "Lawyer–Client Privilege," states in part:

(d) There is no privilege under this rule:
  * * *

  (3) *Breach of Duty by a Lawyer or Client.* As to a communication relevant to an issue of breach of duty by the lawyer to his client or by the client to his lawyer

Tex.R. Civ. Evid. 503(d)(3).

The majority agrees with G & H on this point and holds G & H could dislcose confidential attorney-client information because the information was related to the alleged breach. Because this is a summary judgment case, the majority necessarily holds that G & H proved, as a matter of law, it had no duty to Judwin not to disclose confidential attorney-client information. Another way of stating the holding is that, once a lawyer files suit for the collection of fees, the lawyer can disclose everything relating to the fee. Under this rationale, the lawyer can disclose all of the confidential information relating to the client's business because the lawyer charged for all its work.

I disagree with the majority's holding, its rationale, and its application in this case. I do not believe that Rule 503(d)(3) permits a lawyer to *unnecessarily* disclose confidential information in a fee dispute with a client. I agree that Rule 503(d)(3) permits a attorney who is in a fee dispute with his own client to reveal confidential information, but only so far as necessary to assert his claim. *Cf. West v. Solito,* 563 S.W.2d 240, 245 n. 3 (Tex.1978). That does not mean an attorney in a fee dispute can divulge confidential information protected by the attorney-client privilege that is not necessary to the resolution of the fee dispute. G & H should not have attached the detailed summary of its work

---

rect. *Science Spectrum v. Martinez,* 941 S.W.2d 910, 912 (Tex.1997).

**2.** The fact that the fee statements did not identify the time billed for each entry highlights how unnecessary the detailed entries were to the collection suit.

**3.** If G & H had felt it was necessary to divulge confidential attorney-client information in its suit, it could have filed the fee statements under Texas Rule of Civil Procedure 76a, which provides a mechanism for allowing documents to be filed in court under seal, without broad disclosure of the client's confidences.

that unnecessarily revealed confidential information protected by the attorney-client privilege.

The majority dismisses the effect of Disciplinary Rule 1.05 by saying that it does not create a cause of action or a presumption that a legal duty to a client has been breached. The majority's statement is unfathomable. Judwin never claimed that Rule 1.05 created a cause of action. Judwin relies on Rule 1.05 as support for the policy that requires balancing the client's and lawyer's rights in disputes between them. Disciplinary Rule 1.05 concerns the need to maintain the confidentiality of client information, whether it is privileged or unprivileged.[4]

Under Rule 1.05, "a lawyer shall not knowingly" reveal or use confidential information except under limited circumstances. Tex. Disciplinary R. Prof. Conduct 1.05(b). When a dispute rises between a lawyer and his client, the lawyer may reveal confidential information only "[t]o the extent reasonably necessary to enforce a claim or establish a defense on behalf of the lawyer in a controversy between the lawyer and the client." Tex. Disciplinary R. Prof. Conduct 1.05(c)(5); *Potash Corp. v. Mancias*, 942 S.W.2d 61, 66 (Tex.App.—Corpus Christi 1997, n.w.h.).

**4.** Rule 1.05, "Confidentiality of Information," provides in part:

(a) "Confidential information" includes both "privileged information" and "unprivileged client information." "Privileged information" refers to the information of a client protected by the lawyer-client privilege of Rule 503 of the Texas Rules of Evidence or of Rule 503 of the Texas Rules of Criminal Evidence or by the principles of attorney-client privilege governed by Rule 501 of the Federal Rules of Evidence for United States Courts and Magistrates. "Unprivileged client information" means all information relating to a client or furnished by the client, other than privileged information, acquired by the lawyer during the course of or by reason of the representation of the client.

(b) Except as permitted by paragraphs (c) and (d), or as required by paragraphs (e) and (f), a lawyer shall not knowingly:

(1) Reveal confidential information of a client or a former client to:

* * *

(ii) anyone else, other than the client, the client's representatives, or the members, associates, or employees of the lawyer's law firm.

* * *

If the majority's opinion in this case were correct, no client could ever dispute an invoice. The majority's opinion puts attorneys in the position to blackmail clients into paying their invoices with the threat of filing a suit on a sworn account with detailed summary of their work, just as G & H did in this suit, revealing confidential attorney-client information.

I would reverse.

(3) Use confidential information of a former client to the disadvantage of the former client after the representation is concluded unless the former client consents after consultation or the confidential information has become generally known.

* * *
* * *

(c) A lawyer may reveal confidential information:

* * *

(5) To the extent reasonably necessary to enforce a claim or establish a defense on behalf of the lawyer in a controversy between the lawyer and the client.

(d) A lawyer also may reveal unprivileged client information:

* * *

(2) When the lawyer has reason to believe it is necessary to do so in order to:

* * *

(iv) prove the services rendered to a client, or the reasonable value thereof, or both, in an action against another person or organization responsible for the payment of the fee for services rendered to the client.

