IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20336
Summary Calendar
_____


PHILLIP LEE KUSHNER, Etc.; ET AL,

                                        Plaintiffs,

PHILLIP LEE KUSHNER, PhD

                                        Plaintiff - Appellant,

versus

THE FIRM OF WOODARD, HALL, & PRIMM, P.C.;
LARKIN C. EAKIN, JR.; RODNEY LEGGETT;
TAC SECURITY SYSTEMS - THE ALARM COMPANY,
INC.; RAYMOND COOKE,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-3112
- - - - - - - - - -
March 29, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Phillip Lee Kushner appeals the district court's dismissal
of his 42 U.S.C. § 1983 action and Texas state law claims.
Kushner argues that the district court erred:  (1) in denying his
motion for leave to file a second amended complaint and in

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

striking his third amended complaint; (2) in denying his motion for a continuance pursuant to FED. R. CIV. P. 56(f); (3) in denying his motion to remand the action to state court; and (4) in granting summary judgment to the defendants. By not adequately briefing the issues, Kushner has abandoned his challenge to the district court's grant of summary judgment to the defendants on all issues except his state law claim for intentional infliction of emotional distress. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

The district court did not abuse its discretion by denying Kushner's motion to file a second amended complaint which was made for the purpose of removing federal claims in order to obtain a remand to the state court. See Ashe v. Corley, 992 F.2d 540, 542-43 (5th Cir. 1993). Although Kushner's third amended complaint was timely filed under the district court's scheduling order, the new claims it raised, alleging violations of the Texas Disciplinary Rules of Professional Conduct, were without legal basis. See Judwin Properties, Inc. v. Griggs & Harrison, P.C., 981 S.W.2d 868, 870 (Tex. Ct. App. 1998). Therefore, the district court's judgment striking this complaint is affirmed. See Halbert v. City of Sherman, Texas, 33 F.3d 526, 529-30 (5th Cir. 1994).

Kushner did not meet the standard in FED. R. CIV. P. 56(f) for obtaining a continuance. See Stearns Airport Equip. Co. v. FMC Corp., 170 F.3d 518, 534 (5th Cir. 1999). Therefore, the district court did not abuse its discretion in denying this motion.

The general rule that when all federal claims in an action are dismissed prior to trial, a district court should decline to exercise supplemental jurisdiction over the remaining state law claims, is not absolute.  McClelland v. Gronwaldt, 155 F.3d 507, 519 (5th Cir. 1998).  The court should consider the factors in 28 U.S.C. § 1367(c), the values of judicial economy, convenience, fairness, and comity, as well as whether the plaintiff has attempted to manipulate the forum in which his action is heard.  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 357 (1988).  Under the facts of this case, the district court did not err in denying the motion to remand.

To establish a claim for the intentional infliction of emotional distress under Texas law, a plaintiff must show that: "(1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous;' (3) the actions of the defendant caused the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was severe."  Gillum v. City of Kerrville, 3 F.3d 117, 122 (5th Cir. 1993) (citations omitted).  In order for conduct to be extreme and outrageous, it must be "beyond all possible bounds of decency," "atrocious," and "utterly intolerable in a civilized community."  Diamond Shamrock Refining & Marketing Co. v. Mendez, 844 S.W.2d 198, 202 (Tex. 1992).  Because Kushner has not alleged or shown that the appellees' conduct meets the standard for extreme and outrageous conduct, we affirm the district court's grant of summary judgment on this issue.  Diamond Shamrock Ref. and Mktg. Co. v. Mendez, 844 S.W.2d 198, 202 (Tex. 1992).

The appellees' motion for double costs and damages is DENIED.

AFFIRMED; MOTION DENIED.