IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00079-CV

 

Paul and Sandy Joyner, 

Individually, and on the 

Behalf of the Estate of 

Brandon Joyner, Deceased,

                                                                                    Appellants

 v.

 

Roy Defriend,

                                                                                    Appellee

 

 

 



From the 77th District Court

Limestone County, Texas

Trial Court No. 27,857-A-1

 



O p i n i o n



 








Paul and Sandy Joyner, individually and on behalf
of the estate of Brandon Joyner, appeal from an order granting Appelle Roy
DeFriend’s plea to the jurisdiction.  In one issue, the Joyners complain that
the trial court erred in dismissing their suit because the pleading set forth a
cause of action over which the trial court had jurisdiction.  We will affirm.

Background

Paul and Sandy Joyner filed a lawsuit against Mack
and Diana Jones and Roy DeFriend.  The lawsuit alleged that the Joyners’ son
Brandon was killed during a “pasture party” held on land belonging to DeFriend’s
relatives.  The petition alleges that the Joneses and DeFriend, the Limestone
County Attorney, acted together to conceal evidence following the death. 
DeFriend filed a plea to jurisdiction on the grounds that (1) the Joyners
failed to assert a justiciable controversy against him; (2) the Joyners lacked
standing, and (3) he was entitled to prosecutorial immunity.  The trial court granted
the plea to the jurisdiction and dismissed the lawsuit for lack of subject
matter jurisdiction.  The Joyners filed an appeal that we dismissed for want of
jurisdiction because it was interlocutory.  The Joyners then filed a motion to
sever the claims against DeFriend, and because of the severance, the order
granting the plea to the jurisdiction is final.

Standard of Review

In their sole issue, the Joyners claim that the
trial court erred when it granted DeFriend’s plea to the jurisdiction.  They
say the pleading set forth a cause of action over which the trial court had
jurisdiction.  DeFriend argues that the trial court does not have jurisdiction
over this claim because the Joyners have failed to assert a justiciable issue
against him that the trial court can resolve.  Specifically, DeFriend argues
that the Joyners have no cognizable right of action under Texas law based on
alleged interference with a criminal investigation or prosecution because there
is no cause of action for failure to prosecute.

A plea to the jurisdiction is a dilatory plea by
which a party contests the trial court's authority to determine the subject
matter of the cause of action.  State v. Benavides, 772 S.W.2d 271, 273
(Tex. App.—Corpus Christi 1989, writ denied).  The plaintiff has the burden to
allege facts affirmatively demonstrating that the trial court has
subject-matter jurisdiction.  Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).

We review a ruling on a plea to the jurisdiction
de novo.  Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).  If the pleadings alone are determinative of the issue, then in our review we
rely on them alone, construing them in the plaintiff's favor.  Tex. Ass'n of Business, 852 S.W.2d at 446; Jansen v. Fitzpatrick, 14
S.W.3d 426, 431 (Tex. App.—Houston [1st Dist.] 2000, no pet.).  However, the
trial court may hear evidence if necessary to determine the jurisdictional
facts; in that event, we also review the evidence.  Bland Indep. School
Dist. v. Blue, 34 S.W.3d 547, 554-56 (Tex. 2000); Jansen, 14 S.W.3d
at 431.

Analysis

The Joyners alleged in their pleadings that
DeFriend committed civil conspiracy and fraud.  The Joyners base these claims
on a violation of Rule 4.01 of the Texas Disciplinary Rules of Professional
Conduct.  For the reasons stated below, we conclude that the Joyners cannot
assert a violation of Rule 4.01 as a basis for liability of their fraud and
civil conspiracy claims.  The Texas Disciplinary Rules expressly state that a
violation of the Code of Professional Responsibility does not give rise to a
private cause of action.  See Tex.
Disciplinary R. Prof'l Conduct 1.05 ¶ preamble 15; Judwin Properties,
Inc. v. Griggs & Harrison, P.C., 981 S.W.2d 868, 869-70 (Tex. App.—Houston
[1st Dist.] 1998), pet. denied, 11 S.W.3d 188, 43 Tex. Sup. Ct. J. 289 (Tex. 2000).  Thus, the State Bar Rules are not enforceable through the Joyners’ fraud and
civil conspiracy claims.  See Judwin, 981 S.W.2d at 870.

The Joyners also assert that several penal code
criminal charges should have been brought against DeFriend, including tampering
with physical evidence and tampering with a witness.  However, Texas does not recognize private causes of action for penal code violations.  See Trevino
v. Ortega, 969 S.W.2d 950, 953 (Tex. 1998); see also Spurlock v.
Johnson, 94 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.)
("the Texas Penal Code does not create private causes of action"); Long
v. Tanner, 170 S.W.3d 752, 755 (Tex. App.—Waco 2005, pet. denied) (same).

Because the Joyners cannot recover for violations
of the penal code and the State Bar disciplinary rules, we hold as a matter of
law that the Joyners have not alleged arguable claims over which the trial
court had jurisdiction.  Therefore, dismissal was proper.  See Burke
Ctr. for MHMR v. Carr, No. 09-04-00138-CV 2004 Tex. App. LEXIS 11499 at *11
(Tex. App.—Beaumont Dec. 22, 2004, pet. denied) (mem. op.) (per curiam).  We
overrule the Joyner’s sole issue and affirm the judgment of the trial court.

 

 

BILL VANCE

Justice

 

 

 

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

            (Chief
Justice Gray dissents.  A separate opinion will not issue but he provides the
following note.)*

Affirmed 

Opinion delivered and
filed April 2, 2008

[CV06]

 

            *”We know that DeFriend, regardless of the capacity
in which he was sued, cannot be liable for a civil conspiracy to commit
negligence.  Tri v. J.T.T., 162 S.W.3d 556, 557 (Tex. 2005). 
But before I would hold that the Joyners are unable to establish jurisdiction
over DeFriend in a suit clearly brought against him in his individual capacity
rather than as a representative of the State or County, I believe that at the
very least, the Joyners have the right to file an amended pleading in an effort
to amend their petition to clarify the nature of the claim against DeFriend and
the facts upon which it is based.  Texas A & M University System v.
Koseoglu, 233 S.W.3d 835, 840(Tex. 2007) (“As is the case with special
exceptions, a pleader must be given an opportunity to amend in response to a
plea to the jurisdiction only if it is possible to cure the pleading
defect.  [Citing Baylor Univ. v. Sonnichsen, 221 S.W.3d 632, 635
(Tex.2007) ( "Generally, when the trial court sustains special exceptions,
it must give the pleader an opportunity to amend the pleading, unless the
pleading defect is of a type that amendment cannot cure.")”].  

 

The
majority’s error is, I believe, that they construe the petition as alleging a
claim against DeFriend for his failure to prosecute various alleged criminal
actions and for alleged violations of various ethical obligations.  This
construction of the petition is unduly narrow.  Based on the structure of
the petition as well as the nature of the general allegations regarding
DeFriend’s alleged participation in the civil conspiracy to commit fraud, I
read these allegations, as well as the allegations regarding alleged actions to
assist the Jones in the defense of the claims being made against them, as
background information in the nature of allegations of facts--notice pleadings--in
support of the claim that is alleged, conspiracy to commit fraud.  I do
not believe that a fair reading of the pleadings is that the Joyners are making
a claim that they are entitled to a recovery solely because DeFriend allegedly
failed to prosecute various crimes or allegedly violated his ethical
obligations.  This is not a no-evidence motion for summary judgment. 
While a claim of conspiracy to commit fraud may be difficult to prove, it is
certainly a claim that is alleged and over which the trial court has
jurisdiction.”






es as support for her request.  Those
cases are inapplicable here.  In those cases, the appellate court reversed the
trial court’s denial of a doctor’s or hospital’s motion to dismiss and remanded
the case for, in most cases, the consideration of a request for an extension
not previously considered.  Here, the motion to dismiss was granted and Wooten’s
request was considered and denied.