Petition for Writ of Mandamus Denied; Reversed and
Rendered and Memorandum Opinion
filed August 28, 2008.      

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00899-CV

____________

 

IN RE BROWNING-FERRIS INDUSTRIES,
INC. AND AZUSA LAND RECLAMATION, INC.

 



 

ORIGINAL PROCEEDING 

WRIT OF MANDAMUS

 



____________

 

NO. 14-07-01080-CV

____________

 

BROWNING-FERRIS INDUSTRIES, INC.
AND AZUSA LAND RECLAMATION, INC., Appellants

 

V.

 

UNITED STATES FIRE INSURANCE
COMPANY AND TIG INSURANCE COMPANY, Appellees

 



 

On Appeal from the 215th
District Court

Harris County, Texas

Trial Court Cause No. 1998-56362

 



 

 








O P I N I O N

 

In this matter, we have consolidated a mandamus proceeding,
seeking to overturn an order compelling discovery responses, with an appeal,
seeking to have the records sealed in the event the production order stands.[1] 
The litigation below is an insurance coverage dispute.  Appellants/relators,
Browning-Ferris Industries, Inc. and Azusa Land Reclamation, Inc., sued several
of their insurers, including appellees/real-parties-in-interest United States
Fire Insurance Company and TIG Insurance Company, seeking coverage for
liabilities incurred in defending superfund-related allegations.[2] 
The orders at issue in the mandamus and appeal concern production of the case
file of appellants=/relators= attorney in the
underlying superfund matter as well as his refusal to respond to certain
deposition questions.  The trial court ordered the file produced and the
questions answered but refused to order the documents and responses sealed.  We
deny the writ of mandamus and reverse and remand the sealing order.

Background








Appellants/relators operated a landfill in the San Gabriel
Valley in California.  In 1984, portions of the Valley were added to the
national superfund list.  In May 1990, the EPA notified appellants/relators and
numerous other entities that they were potentially responsible parties (APRPs@) for the San
Gabriel Valley Superfund Site.  In 1994, the EPA ordered the PRPs to undertake
cleanup of the site.  Appellants/relators and seven other PRPs then signed an
implementation agreement and two separate allocation agreements.  Under these
agreements, each of the PRPs agreed to fund a certain percentage of the cleanup
costs.  In 2002, the EPA approved a further agreement between various water authorities
and PRPs related to cleanup at the site.  Throughout defense of the underlying
contamination allegations and negotiation of all of the aforementioned
agreements, attorney Martin McTigue operated as appellants=/relators= primary counsel.

In 1998, appellants/relators filed the present lawsuit
seeking to recover cleanup and defense costs related to the site from its
insurers, including appellees/real-parties-in-interest.  As part of their
effort to demonstrate that the settlements reached in the underlying matter
were reasonable, appellants/relators designated attorney McTigue as an expert. 
He prepared a report regarding the reasonableness of the settlements, and this
report was shown to various other fact and expert witnesses and was used in
response to a partial motion for summary judgment. 
Appellees/real-parties-in-interest then served McTigue with a deposition notice
that included a subpoena duces tecum requesting production of his entire file
concerning the underlying matter.  In response to the subpoena,
appellants/relators asserted attorney-client and work product privileges. 
McTigue also refused to answer most of the questions put to him during the
deposition.  Appellees/real-parties-in-interest filed a motion to compel
discovery, again seeking McTigue=s file and answers
to deposition questions.  Appellants/relators resisted the motion and filed
their own motion to seal the documents and responses in the event the trial
court granted the motion to compel.  Appellants/relators additionally attempted
to re-designate McTigue from an expert witness to a fact witness and
subsequently attempted to de-designate him as a witness altogether.  They also
de-designated certain other experts who had viewed McTigue=s report. 
Nevertheless, the trial court granted the motion to compel and denied the
motion to seal.








During discussion of the motion to seal,
appellants/relators emphasized the possibility that parties interested in the
underlying superfund matter could seek reallocation of liability or additional
cleanup measures.  The trial judge emphasized a perceived inability of
appellees/relators to demonstrate that their interest in having the records
sealed substantially outweighed any interest the public might have in keeping
the records open.  In his order denying the sealing motion, the trial judge
stated that the record before him Adid not meet the
standard to seal records@ under Rule 76a of the Texas Rules of
Civil Procedure.  Appellants/relators filed a writ of mandamus in this court
seeking to overturn the trial court=s order to
compel.  They also filed a direct appeal of the trial court=s refusal to seal
the documents and deposition responses.

Mandamus:  Production Order

In a post-submission letter brief, counsel for
appellants/relators stated that Ashould the Court
reverse the trial court=s decision to deny a sealing order, the
documents can and would be produced without the necessity of a ruling on the
privilege issues.@  Counsel further suggested that the
issues in the mandamus proceeding Awould be rendered
moot@ should we reverse
the trial court=s denial of a sealing order.  Based on
these statements and our holding below that the trial court erred in refusing
to seal the documents, we deny the writ of mandamus as moot.

Appeal:  Sealing Order

In a single issue in their direct appeal,
appellants/relators contend that the trial court erred in refusing to seal the
records ordered produced from McTigue=s file as well as
McTigue=s deposition
answers.  Appellees/real-parties-in-interest did not oppose the sealing motion
in the trial court, and they do not contest the appeal.

Texas Rule of Civil Procedure 76a(1) provides as follows:

Standard for Sealing Court Records.   Court records may not be removed
from court files except as permitted by statute or rule.  No court order or
opinion issued in the adjudication of a case may be sealed.  Other court
records, as defined in this rule, are presumed to be open to the general public
and may be sealed only upon a showing of all of the following:

(a) a specific, serious and substantial interest
which clearly outweighs:

(1) this presumption of openness;

(2) any probable adverse effect that sealing will have upon the general
public health or safety;

(b) no less restrictive means than
sealing records will adequately and effectively protect the specific interest
asserted.








Tex.
R. Civ. P. 76a(1).  Under Rule 76a(2), discovery materials can be considered Acourt records@ under Rule 76a(1)
even if not filed with the court.  Id. 76a(2); Gen. Tire, Inc. v.
Kepple, 970 S.W.2d 520, 523-25 (Tex. 1998).[3] 
A trial court=s determinations under Rule 76a are reviewed under an
abuse of discretion standard.  Gen. Tire, 970 S.W.2d at 526.  This is
because Rule 76a does not require the court to make factual findings, but
rather requires it to balance the public=s interest in open
court proceedings against an individual litigant=s personal or
proprietary interest in privacy.  Id.








To meet their burden of showing a Aspecific, serious
and substantial interest,@ appellants/relators emphasized two
related points:  (1) the importance of the attorney-client and work product
privileges, and (2) the fact that parties interested in the underlying
superfund matter may seek to reallocate liability among the PRPs or to require
additional cleanup measures at the site.  Regarding the first argument,
concerning the importance of the privileges, the trial court found that appellants/relators
at least to some degree waived these privileges when they identified McTigue as
a witness, and appellants/relators have now effectively waived their arguments
seeking to overturn the trial court=s ruling.  Even
so, appellants/relators still have an interest in limiting access to
communications and documents intended to have been confidential and
privileged.  See generally In re George, 28 S.W.3d 511, 514 (Tex. 2000)
(suggesting Rule 76a as a method to protect against further disclosure of
confidential information given in attorney-client context); Judwin Props.,
Inc. v. Griggs & Harrison, P.C., 981 S.W.2d 868, 871 n.3 (Tex. App.CHouston [1st
Dist.] 1998) (O=Connor, J., dissenting) (suggesting that
if party felt it was necessary to divulge confidential attorney-client
information in lawsuit, it could have then sought a sealing order under Rule
76a), pet. denied, 11 S.W.3d 188 (Tex. 2000) (per curiam).  This is
particularly so in light of the point made in their second argument that
interested parties may seek to reassess certain facets of the underlying
superfund matter.  Appellants/relators supported this argument in the trial
court with an affidavit from McTigue and, subsequently, an affidavit from Jo
Lynn White, corporate counsel for BFI, which was attached to the motion for
reconsideration.  In short, public release of McTigue=s file and
deposition responses could give potentially adverse parties a detailed look at
appellants=/relators= conduct of the
underlying litigation, including their formation of defenses and strategies and
cost benefit analyses.  Thus, based on the fact that the materials in question
were originally intended to be confidential and that the underlying matter may not
be finally resolved, appellants/relators have established a Aspecific, serious
and substantial interest@ in having the records sealed.

Next, we turn to the question of whether the identified
interest Aclearly outweighs@ (1) the
presumption of openness and (2) Aany probable
adverse effect [on] the general public health or safety.@  In the trial
court=s order denying
the motion to seal, the court specifically stated that the requirement of the
interest=s outweighing any
probable adverse effects had not been met.  In support of their position that
their identified interest would clearly outweigh any adverse effects,
appellants submitted affidavits by McTigue and White, in which they averred
that there would be no such adverse effects if the court sealed the discovery
records at issue.








It would be difficult for a litigant who is seeking a
sealing order to prove a negative, i.e., that there will probably be no
adverse effects.  However, Rule 76a does not place on the movant the burden of
proving the exact nature and likelihood of adverse effects on the public. 
Instead, Rule 76a provides mechanisms for a nonmovant party or intervenor
nonparty to demonstrate the probable existence of such adverse effects.  The
rule requires both public notice of the proceedings and a public hearing.  Tex.
R. Civ. P. 76a(3), (4).  It also specifically references a prospective role for
intervenors.  Id. 76a(4),(7), (8).  Here, no party or intervenor came
forward to argue that a sealing order would probably result in adverse effects
for public health or safety.[4] 
In the absence of evidence or argument regarding the probability of adverse
effects, it would be unwarranted to assume that any such probable effects would
be so great that the movant=s identified interest could not clearly
outweigh them.[5] 
Based on the foregoing, we find that appellants=/relators= identified
interests clearly outweighed  the general presumption of openness and any
probable adverse effects specific to this case.

Lastly, there is no indication in the record that any less
restrictive means than sealing the records exists for adequately protecting
appellants=/relators= stated interest. 
Appellants=/relators= interest is in
protecting McTigue=s file and responses from disclosure to
other parties interested in the underlying superfund matter.  No way to
accomplish this goal short of sealing the records has been identified. 
Accordingly, we sustain appellants=/relators= sole issue on
appeal.

Disposition

We deny appellants=/relators= writ of mandamus,
leaving the trial court=s order compelling production of certain
documents and deposition responses intact.  However, we reverse the trial court=s order denying
appellants=/relators= motion to seal
the documents and remand for entry of an appropriate sealing order.  See
Gen. Tire, 970 S.W.2d at 529 (remanding to trial court for reinstatement of
sealing order).

 

/s/      Adele Hedges

Chief Justice

 

Petition denied;
Judgment rendered and Memorandum Opinion filed August 28, 2008.

Panel consists of
Chief Justice Hedges, Justice Boyce and Senior Justice Price.*









[1]  The appeal is authorized under Texas Rule of Civil
Procedure 76a(8).  Tex. R. Civ. P. 76a(8). 
Under that provision, a sealing order is deemed to be both severed from the
ongoing case and a final appealable judgment.  Id.; Jack B. Anglin
Co. v. Tipps, 842 S.W.2d 266, 272 n.13 (Tex. 1992).





[2]  There are additional plaintiffs and defendants in this
litigation which are not parties to the current mandamus or appeal.





[3]  No party or intervenor has disputed that the
materials at issue here are court records.  Both appellants/relators and the
trial court assumed that the materials were court records governed by Rule
76a.  Accordingly, we need not address that issue in this opinion.  See Gen. Tire, 970 S.W.2d at 525 (requiring threshold determination of whether
discovery materials are court records only when party or intervenor raises
issue); Upjohn Co. v. Freeman, 906 S.W.2d 92, 95-96 (Tex. App.CDallas 1995, writ denied) (stating trial court may not
presume that discovery materials are court records if the issue is
contested).   





[4]  It should also be mentioned that the trial court expressly declined to
examine McTigue=s file or deposition responses in
camera.





[5]  The General Tire v. Kepple case is
instructive but not necessarily controlling on this issue.  970 S.W.2d 520.  In
that case, the Texas Supreme Court considered whether the nonmovant had
sufficiently demonstrated that the sealing of the discovery responses in
question would have a probable adverse effect on public health or safety as
part of determining whether the responses should be considered Acourt records@
under Rule 76a.  Id. at 527.  As discussed above, the trial court and
appellants/relators here assumed that the responses qualified as court
records.  Even so, the analysis in General Tire supports the position
that it is not the movant=s burden to demonstrate the exact nature and likelihood of adverse effects.





*  Senior Justice Frank C. Price sitting by assignment.