Opinion issued November 10, 2010

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00317-CV

———————————

Stacey E. Stryker, Appellant

V.

W. Fulton
Broemer and Broemer & Associates, L.L.C., Appellees



 



 

On Appeal from the 190th District Court

Harris County, Texas



Trial Court Case No. 2006-57362

 



 

MEMORANDUM OPINION

          Appellant,
Stacey Stryker, sued W. Fulton Broemer and Broemer & Associates, L.L.C.
(collectively, “Broemer”), for legal malpractice arising out of Broemer’s
representation of Stryker in a debt dispute with another law firm.  Broemer moved for traditional and no-evidence
summary judgment, contending that Stryker could not recover mental-anguish
damages and could not present evidence that Broemer had either breached any
duties owed to her or caused her damages. 
The trial court granted Broemer’s summary-judgment motion.  In two issues on appeal, Stryker contends
that the trial court erred in rendering summary judgment because (1) her
affidavit raised a fact issue regarding causation and (2) she did not have
adequate time for discovery due to the automatic stay imposed when Broemer
filed for voluntary bankruptcy.

          We
affirm.

Background

          Stryker
hired Broemer to represent her in a dispute involving approximately $4,000 in
legal fees owed to the Travis Law Firm (“Travis”).  On September 11, 2006, Stryker sued Broemer
for legal malpractice and gross negligence, alleging that Broemer breached the
duty of care he owed to her by placing the firm’s interest before her own and by
“needlessly pursuing litigation” that resulted in an adverse summary judgment
against her.  Stryker alleged that
Broemer failed to resolve the fee dispute “in a manner conducive to the best
interest of [Stryker],” but instead used her dispute as an opportunity to
“fight” with Travis, whose attorneys were previously affiliated with
Broemer.  According to Stryker, Broemer
billed her over $50,000 for his services and caused her to pay over $30,000 to
Travis to avoid a writ of execution on the $4,000 debt.  Broemer answered on October 20, 2006.

          On
November 1, 2006, the trial court entered a docket-control order, which set the
end of the discovery period at July 20, 2007. 
The docket-control order also provided that “[s]ummary judgment motions
not subject to an interlocutory appeal must be set by [June 20, 2007].  Rule 166a(i) motions may not be set before
this date.”

On January 31, 2007, Broemer filed
for voluntary bankruptcy, which imposed an automatic stay of the pending
litigation.  See 11 U.S.C. § 362 (2006). 
The bankruptcy court dismissed Broemer’s bankruptcy proceeding six
months later on July 30, 2007, just after the end of the discovery period.  The trial court did not issue a new docket-control
order.  Although the bankruptcy court
dismissed Broemer’s bankruptcy proceeding on July 30, 2007, Stryker states that
Broemer did not inform either the trial court or her of the dismissal and that,
when her counsel discovered the dismissal, she moved on August 30, 2007 to
retain the case.

          On
November 21, 2007, Broemer moved for both a traditional and a no-evidence
summary judgment.  In his traditional
motion, Broemer contended that Stryker could not recover mental-anguish damages
because Broemer’s alleged malpractice resulted solely in financial loss.  In his no-evidence motion, Broemer argued
that Stryker lacked evidence (1) that Broemer breached any duty owed to her and
(2) that Broemer’s alleged breach of duty proximately caused damages to her.  Broemer also contended that Stryker could
produce no evidence (1) that she had suffered compensable mental-anguish
damages, (2) that Broemer’s conduct, when viewed objectively from his
standpoint, involved an extreme degree of risk, or (3) that Broemer had
subjective awareness of the risk involved, but acted in conscious indifference
to Stryker’s rights, safety, or welfare.

          On
December 10, 2007, Stryker responded and contended that fact issues existed
regarding her claims for malpractice and gross negligence.  Stryker submitted an affidavit as summary-judgment
evidence.  Stryker’s affidavit, in its
entirety, reads as follows:

I have suffered mental
anguish as a result of Broemer & Associates litigating a $4,201.42 debt
dispute to over $25,020.78 in attorney fees despite my insistence on the firm
settling the debt.  As a result of this I
have had to pay for a Release of Judgment Lien to prevent the Sheriff’s [sic] from seizing my assets.  I paid two payments of $20,000.00 and
$10,865.43 to obtain the release.  I was
so upset and angry and have suffered mental anguish as a result of such gross
behavior by Broemer & Associates. 
The Release of Judgment Lien, Cashiers Check receipt for $10,865.43 and
the Receipt for payment from the Travis Law Firm for $20,000.00 is incorporated
by reference in this affidavit.

 

Aside from the release of lien, cashier’s check, and
Travis’s payment receipt, Stryker submitted no further summary-judgment
evidence.

          Stryker
simultaneously moved for a continuance on Broemer’s no-evidence summary-judgment
motion on December 10, 2007.  In the
motion, Stryker stated that Broemer had not informed the court or her about the
dismissal from the bankruptcy proceedings and that she had moved to retain the
case on August 30.  Stryker requested a
new discovery scheduling order due to the bankruptcy stay.  Stryker attached an affidavit to the motion,
in which counsel averred solely that “[t]he information in this Motion for
Continuance is true and correct to the best of my knowledge.”  The trial court did not rule on this motion.

          On
February 11, 2008, Broemer re-filed his summary-judgment motion and set the
motion for submission on March 10.  Stryker
did not re-file or amend her summary-judgment response, but instead only amended
her motion for continuance on February 15. 
The amended motion clarified that the trial court’s docket-control order
originally had set the end of the discovery period at July 20, 2007 and that the
bankruptcy court had dismissed Broemer’s bankruptcy proceeding on July 30,
2007, and, thus, “[t]his matter was stayed during the discovery period in this
Court’s Docket Control Order.”  In her
motion, Stryker did not identify either the discovery that she had already
completed or the necessary discovery that she was unable to obtain before submission
of the summary-judgment motion.  Stryker
did not argue that the time that she had to conduct discovery was inadequate.

          Broemer
responded that Stryker had had sufficient time to conduct discovery and,
therefore, consideration of his summary-judgment motion should not be
continued.  Broemer acknowledged the effect
of the automatic stay, which stayed the litigation for six months, but he also
noted that Stryker had a total of eight months between Broemer’s original
answer on October 20, 2006 and his response to her February 15, 2008 motion for
continuance in which to conduct discovery.  During these eight months, the case was
pending in the trial court and no stay existed. 
Specifically, Broemer answered Stryker’s petition on October 20, 2006,
and he did not file for bankruptcy until January 31, 2007.  The bankruptcy court lifted the stay on July
30, 2007, and Stryker discovered that it had been lifted and moved to retain
the case on August 30, 2007.  Broemer then
first moved for summary judgment on November 21, 2007.  Stryker responded and moved for a
continuance.  On February 11, 2008, Broemer
re-filed his summary judgment motion.  Stryker
again moved for a continuance on February 15, and Broemer responded to that
motion on February 18.  According to Broemer,
Stryker failed to conduct discovery during any of these time periods, nor did
she respond to Broemer’s outstanding discovery requests.

          The
trial court denied Stryker’s motion for continuance and granted Broemer’s
summary judgment motion, without specifying the grounds on which it based its
ruling.[1]

Standard of Review

          We
review de novo the trial court’s ruling on a summary-judgment motion.  Mann Frankfort Stein & Lipp
Advisors, Inc. v. Fielding,
289 S.W.3d 844, 848 (Tex. 2009).  After
an adequate time for discovery, a party may move for no-evidence summary
judgment on the ground that no evidence exists of one or more essential
elements of a claim on which the adverse party bears the burden of proof at
trial.  Tex.
R. Civ. P. 166a(i); see Flameout
Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830,
834 (Tex. App.—Houston [1st Dist.] 1999, no pet.).  The burden then shifts to the nonmovant to
produce evidence raising a genuine issue of material fact on the elements
specified in the motion.  Tex. R. Civ. P. 166a(i); Mack Trucks, Inc. v. Tamez, 206 S.W.3d
572, 582 (Tex. 2006).  The trial court
must grant the motion unless the nonmovant presents more than a scintilla of
evidence raising a fact issue on the challenged elements.  Flameout
Design & Fabrication, 994 S.W.2d at 834; Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex.
1997) (“More than a scintilla of evidence exists when the evidence supporting
the finding, as a whole, ‘rises to a level that would enable reasonable and
fair-minded people to differ in their conclusions.’” (quoting Burroughs Wellcome Co. v. Crye, 907
S.W.2d 497, 499 (Tex. 1995))).  To
determine if the nonmovant raises a fact issue, we review the evidence in the light
most favorable to the nonmovant, crediting favorable evidence if reasonable
jurors could do so, and disregarding contrary evidence unless reasonable jurors
could not.  See Fielding, 289 S.W.3d at 848 (citing City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005)).

Evidence of Causation

          In her first issue, Stryker contends
that the trial court erred in granting Broemer’s summary-judgment motion
because her affidavit raised a fact issue on causation by stating that Broemer
litigated her fee dispute with Travis “despite [appellant’s] insistence on the
firm settling the debt.”  Broemer moved
for no-evidence summary judgment on appellant’s legal-malpractice claim on two
bases:  (1) appellant could produce no
evidence that Broemer breached a duty owed to her, and (2) appellant could
produce no evidence that any alleged breach proximately caused her damages.

          When a summary judgment does not state
the specific grounds on which the trial court rendered it, the appellant must
show that each of the independent arguments alleged in the motion is
insufficient to support the judgment.  See Provident Life & Accident Ins. Co.
v. Knott, 128 S.W.3d 211, 216 (Tex. 2005) (citing Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 626 (Tex.
1996)); Smith v. Houston Lighting &
Power Co., 7 S.W.3d 287, 290 (Tex. App.—Houston [1st Dist.] 1999, no
pet.).  A general issue or point of
error, such as a statement that “the trial court erred by granting the motion
for summary judgment,” sufficiently preserves error for all possible grounds on
which the trial court should have denied summary judgment.  Smith,
7 S.W.3d at 290 (citing Plexichem Int’l,
Inc. v. Harris County Appraisal Dist., 922 S.W.2d 903, 930–31 (Tex.
1996)).  In the absence of a general issue
or point of error, the appellant must raise separate issues or points of error
attacking each independent ground alleged in the motion.  See id.;
Zapata v. ACF Indus., Inc., 43 S.W.3d
584, 586 (Tex. App.—Houston [1st Dist.] 2001, no pet.).  If the trial court may have rendered summary
judgment, either properly or improperly, on a ground not challenged on appeal,
we must affirm the judgment.  McCoy v. Rogers, 240 S.W.3d 267, 271
(Tex. App.—Houston [1st Dist.] 2007, pet. denied); see also Ellis v. Precision Engine Rebuilders, Inc., 68 S.W.3d 894,
898 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (stating, “Ellis challenges
only the limitations issue on appeal. 
The summary judgment, however, may have been rendered, properly or
improperly, on the unchallenged ground regarding whether this is actually a
breach of contract action.  Accordingly,
we need not address the limitations argument.”).

          Here, the trial court did not specify
the grounds on which it based its summary judgment.  In his summary-judgment motion, Broemer
raised two independent bases for granting summary judgment on appellant’s
legal-malpractice claim:  (1) no evidence
of breach of duty and (2) no evidence of causation.  On appeal, Stryker challenges the trial
court’s summary judgment solely on the ground that her affidavit sufficiently
raised a fact issue on causation. 
Stryker has not asserted a general point of error that the trial court
erred in rendering summary judgment against her.[2]  See
Plexichem, 922 S.W.2d at 931; Malooly
Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970).

Because
the trial court may have rendered summary judgment on the unchallenged ground
regarding no evidence of breach of duty, we may affirm the summary judgment on
the unchallenged ground—no evidence of breach of duty—and we need not address
Stryker’s contention that her affidavit sufficiently raised a fact issue on
causation.  See Ellis, 68 S.W.3d at 898; Zapata,
43 S.W.3d at 586.  However, even if we were
to reach the merits of Stryker’s first issue, we would conclude that her summary-judgment
affidavit did not raise a fact issue on causation.

To
prevail on a claim for legal malpractice, a plaintiff must demonstrate that (1)
the attorney owed the plaintiff a duty, (2) the attorney breached that duty,
(3) the breach proximately caused the plaintiff’s injuries, and (4) damages
occurred.  Alexander v. Turtur & Assocs., Inc., 146 S.W.3d 113, 117 (Tex.
2004) (quoting Peeler v. Hughes &
Luce, 909 S.W.2d 494, 496 (Tex. 1995)). 
When the plaintiff alleges that a failure on the attorney’s part caused
an adverse result in prior litigation, the plaintiff must produce evidence from
which a jury may reasonably infer that the attorney’s conduct caused the
damages alleged.  Id. (citing Haynes &
Boone v. Bowser Bouldin, Ltd., 896 S.W.2d 179, 181 (Tex. 1995)).  The trier of fact must have “some basis for
understanding the causal link between the attorney’s negligence and the
client’s harm.”  Id. at 119.  Breach of the
standard of care and causation are separate inquiries, “and an abundance of
evidence as to one cannot substitute for a deficiency of evidence as to the
other.”  Id.

          Broemer contends that Stryker failed
to raise a fact issue regarding causation because she required expert testimony
to establish causation and she submitted only her own affidavit as summary-judgment
evidence.  Although we note that a
plaintiff in a legal-malpractice suit does not always have to present expert
testimony to establish causation, we decline to address whether, under these
facts, Stryker needed expert testimony, because her lay testimony in her
affidavit fails to raise a fact issue on causation.  See id.
at 119 (acknowledging that, in some legal-malpractice cases, client’s testimony
can establish causal link between attorney’s negligence and client’s harm).

Affidavits
containing conclusory statements unsupported by facts are not competent
summary-judgment evidence.  Prime Prods, Inc. v. S.S.I. Plastics, Inc.,
97 S.W.3d 631, 637 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (quoting Aldridge v. De Los Santos, 878 S.W.2d 288, 296 (Tex. App.—Corpus Christi 1994, writ
dism’d w.o.j.)); Rizkallah v. Conner,
952 S.W.2d 580, 587 (Tex. App.—Houston [1st Dist.] 1997, no pet.) (“A
conclusory statement is one that does not provide the underlying facts to
support the conclusion.”).  An affidavit
opposing a summary judgment motion must be factual—conclusions of the affiant lack
probative value.  Prime Prods., 97 S.W.3d at 637;
see also Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 122 (Tex. 1996) (“[Conclusory
affidavits are neither] credible nor susceptible to being readily
controverted.”).

In
her affidavit, Stryker averred the following:

I have suffered mental
anguish as a result of Broemer & Associates litigating a $4,201.42 debt
dispute to over $25,020.78 in attorney fees despite my insistence on the firm
settling the debt.  As a result of this I
have had to pay for a Release of Judgment Lien to prevent the Sheriff’s [sic] from seizing my assets.  I paid two payments of $20,000.00 and
$10,865.43 to obtain the release.  I was
so upset and angry and have suffered mental anguish as a result of such gross
behavior by Broemer & Associates. 
The Release of Judgment Lien, Cashiers Check receipt for $10,865.43 and
the Receipt for payment from the Travis Law Firm for $20,000.00 is incorporated
by reference in this affidavit.

 

Stryker
averred that she insisted that Broemer settle the debt she owed to Travis, but
she provided no evidence of her specific communications with Broemer in which
she requested that he settle with Travis, nor did she present evidence that
Travis was willing and would have settled the dispute without incurring over
$25,000 in attorney’s fees but for Broemer’s continued pursuit of litigation instead
of settlement.  Thus, Stryker’s
conclusion that Broemer caused her mental anguish by disregarding her wishes
for settlement lacks factual support in the record.  We therefore hold that Stryker’s affidavit is
conclusory and is not competent summary-judgment evidence to establish
causation.  Because Stryker presented no
other evidence to support her contention that Broemer’s conduct caused her to
suffer damages, we conclude that she failed to raise a fact issue on causation
and the trial court properly granted Broemer’s no-evidence summary judgment motion
on this basis.[3]

We
overrule Stryker’s first issue.

Denial of Motion for Continuance

          In her second issue, Stryker contends
that the trial court erred in denying her motion for continuance because, due
to the automatic stay imposed when Broemer filed for bankruptcy, Broemer moved
for no-evidence summary judgment before an adequate time for discovery had
passed.

A
party may move for no-evidence summary judgment only “[a]fter adequate time for
discovery.”  Tex. R. Civ. P. 166a(i); Specialty
Retailers, Inc. v. Fuqua, 29 S.W.3d 140, 145 (Tex. App.—Houston [14th
Dist.] 2000, pet. denied).  Rule 166a(i)
does not require that discovery be completed before a party may move for
no-evidence summary judgment; the trial court may grant such a motion after
“adequate time” for discovery.  See Madison v. Williamson, 241 S.W.3d
145, 155 (Tex. App.—Houston [1st Dist.] 2007, pet. denied); In re Mohawk Rubber Co., 982 S.W.2d 494,
498 (Tex. App.—Texarkana 1998, orig. proceeding).  According to the comment to Rule 166a(i),
“[a] discovery period set by pretrial order should be adequate opportunity for
discovery unless there is a showing to the contrary, and ordinarily a motion under paragraph (i) would be permitted after
the period but not before.”  Tex. R. Civ. P. 166a(i) cmt. (emphasis
added); McInnis v. Mallia, 261 S.W.3d
197, 200 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

When
determining whether adequate time for discovery has elapsed, we consider:  (1) the nature of the cause of action; (2) the
nature of the evidence necessary to controvert the no-evidence motion; (3) the
length of time the case has been active in the trial court; (4) the amount of
time the no-evidence motion has been on file; (5) whether the movant has requested
stricter time deadlines for discovery; (6) the amount of discovery that has
already taken place; and (7) whether the discovery deadlines that are in
place are specific or vague.  Madison, 241 S.W.3d at 155; Fuqua, 29 S.W.3d at 145 (citing Dickson Constr., Inc. v. Fid. & Deposit
Co., 5 S.W.3d 353, 356 (Tex. App.—Texarkana 1999, pet. denied)).  When a party moves for no-evidence summary
judgment before the end of the specified discovery period, “our principal task
is to determine if [the] record provides support for the trial court’s
consideration of a no-evidence summary judgment motion” before the end of the designated
discovery time frame.  McInnis, 261 S.W.3d at 200.  The “pertinent date for this inquiry is the
final date on which the no-evidence motion is presented to the trial court for
ruling.”  Id.  We review a trial
court’s determination that there has been an adequate time for discovery for an
abuse of discretion.  Fuqua, 29 S.W.3d at 145.  A trial court abuses its discretion if it
acts in an arbitrary or unreasonable manner “without reference to any guiding
rules or principles.”  Madison, 241 S.W.3d at 155 (quoting Garcia v. Martinez, 988 S.W.2d 219, 222
(Tex. 1999)).

Although
Stryker contends that the automatic stay “prevented discovery” and the pendency
of the bankruptcy proceeding “exceeded the discovery date in the trial court’s
Docket Control Order,” she does not address any of the factors that we consider
when determining adequate time.[4]  Stryker does not contend that the time during
which the case was actively pending in the trial court was insufficient to
conduct discovery.  She does not argue
that her case is complex, nor does she state the discovery she needed to obtain
to controvert Broemer’s no-evidence motion. 
Stryker does not state what discovery she had already conducted, nor
does she state the additional discovery yet to be completed and why she could
not obtain this discovery before submission of the summary judgment
motion.  See Brown v. Brown, 145 S.W.3d 745, 750 (Tex. App.—Dallas 2004,
pet. denied) (considering appellant’s failure to move for enlargement of
discovery period until several weeks after no-evidence motion filed and failure
to explain what further discovery he needed in affirming denial of motion for continuance).  Beyond stating that the stay “prevented
discovery,” she does not argue why the time she did have to conduct discovery was
inadequate.

Stryker
could have controverted Broemer’s no-evidence motion with a more detailed
affidavit of her own setting out the factual basis of this case, as well as
with an affidavit from an expert stating the proper standard of care and
opining how Broemer’s conduct breached that standard and caused Stryker to
suffer damages.  Stryker could have
easily obtained both of these affidavits during the time her suit was actively
pending in the trial court, either before Broemer filed for bankruptcy or after
the bankruptcy court lifted the stay.  See McInnis, 261 S.W.3d at 202
(“Generally, a trial court may presume that plaintiffs have investigated their
cases prior to filing suit.”  (citing Carter v. MacFadyen, 93 S.W.3d 307, 311
(Tex. App.—Houston [14th Dist.] 2002, pet. denied))).

In
his response to Stryker’s motion for continuance, Broemer argued that the trial
court should not grant the motion, in part because Stryker had not conducted
any discovery, and she had not responded to Broemer’s outstanding discovery
requests.  Failure of a litigant to
diligently use the discovery rules does not authorize the granting of a continuance.  State
v. Wood Oil Distrib., Inc., 751 S.W.2d 863, 865 (Tex. 1988); Brown, 145 S.W.3d at 750 (noting that
“[t]he record does not show appellant conducted any discovery during the nine
months preceding the filing of the motion”); see also Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 161
(Tex. 2004) (stating that, among other factors, appellate courts consider
whether party seeking continuance exercised due diligence to obtain
sought-after discovery when determining if trial court abused its discretion in
denying motion).  Based on this record,
we hold that the trial court did not abuse its discretion in impliedly
determining that an adequate time for discovery had elapsed and thus the trial
court properly denied Stryker’s motion for continuance.  See
Madison, 241 S.W.3d at 155–56; Fuqua,
29 S.W.3d at 145.

We
therefore hold that Stryker has failed to demonstrate that the trial court
abused its discretion in denying her motion for continuance.  See
Robertson v. Sw. Bell Yellow Pages, Inc., 190 S.W.3d 899, 903 (Tex.
App.—Dallas 2006, no pet.) (“[A]ppellant has made no effort to discuss any of
the relevant factors.  She does not state
how much time she had for discovery, what discovery was completed, what further
discovery was needed or otherwise argue why the time was not adequate.  We will not make appellant’s arguments for
her.”); see also Madison, 241 S.W.3d
at 155 (considering fact that appellant “made no effort to specify the
additional evidence she needed to respond to the motion, or the reason she
could not obtain it during the discovery period” when determining appellant had
adequate time for discovery).

We
overrule Stryker’s second issue.

Conclusion

          We
hold that the trial court correctly granted Broemer’s summary-judgment motion
and denied Stryker’s motion for continuance. 
We affirm the judgment of the trial court.

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Higley, and Bland.

 











[1]
          Stryker does not challenge the
trial court’s rendition of summary judgment on her gross-negligence claim.





[2]
          In the “Summary of Arguments”
portion of her brief, Stryker states “[t]he trial court abuses its discretion
when it grants a no evidence summary judgment and fails to review the
nonmovant’s response to the motion for summary judgment.”  By this statement, Stryker appears to contend
that the trial court erred in rendering summary judgment without reviewing her
response.  To the extent, however, that
this statement can be construed as a general “Malooly” challenge to the rendition of summary judgment, our
disposition of this issue is unchanged. 
Raising a general point of error authorizes a party to challenge all
possible grounds on which a trial court may have rendered summary judgment;
however, the party must still present “arguments and supporting authority in
order to merit reversal.”  McCoy v. Rogers, 240 S.W.3d 267, 272
(Tex. App.—Houston [1st Dist.] 2007, pet. denied); see also Maranatha Temple, Inc. v. Enter. Prods. Co., 893 S.W.2d
92, 105–06 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (“When the
appellant does not provide us with argument that is sufficient to make an
appellate complaint viable, we will not perform an independent review of the
record and applicable law in order to determine whether the error complained of
occurred.”); Tex. R. App. P.
38.1(f), (i).  Here, Stryker did not
present arguments and authorities supporting a contention that her affidavit
raised a fact issue regarding Broemer’s breach of any duties owed to her.  Thus, we need not address whether the trial
court erred by rendering summary judgment on Stryker’s legal-malpractice
claim.  See McCoy, 240 S.W.3d at 272–73.





[3]
          Stryker additionally contends
that Rules 1.02 and 1.06 of the Texas Disciplinary Rules of Professional
Conduct “implicitly establish[]” duties of care regarding causation.  We note that section 15 of the Preamble to
the Rules states that “[t]hese rules do not undertake to define standards of
civil liability of lawyers for professional conduct.  Violation of a rule does not give rise to a
private cause of action nor does it create any presumption that a legal duty to
a client has been breached.”  Tex. Disciplinary R. Prof’l Conduct
preamble ¶ 15, reprinted in Tex. Gov’t Code Ann., tit. 2, subtit. G app. A (Vernon 2005)
(Tex. State Bar R. art. X, § 9); Judwin
Props., Inc. v. Griggs & Harrison P.C., 981 S.W.2d 868, 870 (Tex.
App.—Houston [1st Dist.] 1998, pet. denied). 
Furthermore, citation to these rules does not constitute evidence that
Broemer’s alleged negligence caused damages to Stryker.





[4]
          Stryker also did not address
these factors in her two motions for continuance.  Instead, she merely stated that the discovery
period originally ended on July 20, 2007, and the bankruptcy court did not
dismiss the proceeding until July 30, 2007.